# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 3:14-cr-00003-RLY-CMM-6 |
| vs. ) | |
| ) | |
| LUTHER LAWTON, ) | |
|     Defendant ) | |

## **REPORT AND RECOMMENDATION**

On April 13, 2021, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on March 31, 2021 [Doc. 453].

This matter was reconvened on May 19, 2021 for final hearing. Lawton ("Defendant") appeared with his attorney, Denise Turner. The Government appeared by Kyle Sawa, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine. This matter is heard on a referral from U.S. District Judge Richard L. Young. The Defendant was advised that any recommendation from a magistrate judge was subject to review, acceptance, or rejection by the District Judge, who retains ultimate authority to adjudicate these matters.

The parties advised the Court at the outset of the hearing that an agreement was reached by which the defendant would admit Violations #s 1 through 5, inclusive. The Government will dismiss Violation #6. The parties did not have a joint recommendation regarding disposition and argued their respective positions.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant, by counsel, waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant admitted Violations #s 1 through 5, inclusive, from the March 31, 2021 petition.

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall refrain from any unlawful use of a controlled substance." <br><br> Mr. Lawton submitted a drug screen on March 22, 2021 which returned positive for cocaine and marijuana. Mr. Lawton admitted using both marijuana and cocaine on March 20, 2021. <br><br> As previously reported to the Court, Mr. Lawton tested positive for cocaine on December 7, 2018 and December 20, 2018. Mr. Lawton admitted to cocaine usage on both occasions. |
| 2. | "The defendant shall not unlawfully possess a controlled substance." <br><br> On March 20, 2021, following a traffic stop by the Evansville Police Department (EPD), Mr. Lawton was found to be in possession of 2.1 grams of marijuana. |
| 3. | "The defendant shall not commit another federal, state or local crime." <br><br> As previously reported to the Court, on March 30, 2020, in Vanderburgh County, Indiana, Mr. Lawton was charged with Operating a Motor Vehicle without a License, a Class A Misdemeanor under Case #82D03-2003-CM-2137. |
| 4. | "You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact." <br><br> As previously reported to the Court, on June 26, 2020, following a traffic stop by the EPD, |

        Mr. Lawton was observed in a vehicle with convicted felons D'mariea Fox and Dana Smith. Mr. Lawton failed to notify his U.S. Probation Officer within 72 hours of initial contact.

5.   "You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."

        As previously reported to the Court, on June 26, 2020, Mr. Lawton was questioned by the EPD and failed to notify his U.S. Probation Officer within 72 hours.

6.   Dismissed by agreement.

4. The parties stipulated that:

   (a)   The highest grade of violation is a Grade **B** violation.

   (b)   Defendant's criminal history category is **III**.

   (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is **8 to 14** months imprisonment.

5. The Government seeks a 12-month term of imprisonment without supervised release to follow; counsel for the defendant argued for an eight-month sentence without supervised release to follow.

7. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a)   The Defendant violated conditions of supervised release and made a knowing, intelligent, and voluntary admission after advice of counsel;

   (b)   The parties argued their respective positions on disposition to the Court;

   (c)   The Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release in a short time frame], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of

supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here];

 (d) The Magistrate Judge recommends that the defendant to a term of imprisonment of 12 months. The recommendation further includes an observation that the defendant has a chronic medical condition that will require treatment and the Court should request the Bureau of Prisons to consider placement where appropriate medical management is available. The Magistrate Judge concurs with the recommendations of both parties that no further supervised release be required for the defendant.

 (e) In making this recommendation, the Magistrate Judge considered the following factors:

  a) The defendant was generally compliant with the terms of supervised release from late 2018 until early 2021 (he had been under supervision since November 13, 2018). Two early violations for serious misconduct in December 2018 (cocaine use) were deferred by the probation officer and the defendant had generally complied until March 2021.

  b) The most serious violation, i.e., drug use, connected the defendant to the original conduct for which he was convicted and sentenced.

  c) Regrettably, one of the underlying incidents restored him to the companionship of at least one of his co-conspirators under the original charge for which he was convicted in 2016. True enough, at least one of the convicted felons in his company was a friend since youth, but the prohibition on contact with convicted felons (and the failure to report it) is a serious breach of the terms of release.

  d) As defense counsel argued, there is evidence of a period of compliance for a more than one year, but that alone does not diminish the seriousness of the admitted allegations in 2021, i.e., use of cocaine and marijuana, and the contact with convicted felons.

  e) The Magistrate Judge acknowledges the defendant has confronted personal loss in the relevant time frame—the death of his father—but

that loss does not explain or justify the renewed use of illegal substances while on supervised release.

## **Recommendation**

The Magistrate Judge respectfully recommends the Defendant be sentenced to 12 months in the custody of the U.S. Bureau of Prisons and that no term of supervised release be incorporated in the sentence. The Court should further dismiss Violation #6 on the petition.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The Defendant is ordered detained pending the District Judge's review of the report and recommendation. The parties were advised of the 14-day period within which to appeal this report and recommendation.

Dated: June 1, 2021

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system